McKinney, J.,
delivered the opinion of the Court.
This suit was commenced before a Justice, on a promissory note for fill, made by the plaintiff in error, Henry Gate-wood, to Benjamin Gatewood, on the 13th of September, 1854, due from date; and assigned to the defendant in error on the 24th of December, 1858.
The defence relied on was a set-off, which the Circuit Judge held not to be admissible, as against the assignee of the note,
It. appears that on the 8th of April, 1852, Henry Gate-wood became bound as the surety of Benjamin Gatewood, for the stay of execution, upon a judgment against the latter, in favor of one Evans, for the sum of $143.50; and it also appears that, as stayor, he was compelled to pay the full amount of said judgment and costs, on the 23d of April, 1857. The amount thus due to the defendant from Benjamin Gatewood, at the time of the assignment of the note to Denton, and previous thereto, the former claimed the right to set-off against said note. And the question is — did the- Court err in refusing to permit this to be done ?
The law on this subject was materially modified, and the remedy enlarged, by the act of 1855-6, ch. —, the provisions of which have been incorporated in the Code. By section *382 2918-4, it is provided, that “ any equities between the defendant and the original party under whom the plaintiff claims, which by law have attached to the demand in the plaintiff’s hands, and for which the defendant would be entitled to a recovery against the original party,” may be pleaded, by the defendant, by way of set-off or cross-action.
This provision, it seems to us, embraces the present case. At the time of the assignment of the note to the plaintiff, the defendant had a well founded right of action against the assignor, for an amount larger than the sum due upon the note, for money paid as his security, which he might have recovered by action of debt, or assumpsit, or by motion. The right thus existing had, in the language of the section just quoted, attached itself to the note before its transfer to the plaintiff; or, in other words, the right of set-off, or cross-action, was fixed and complete, in the defendant, previous to and at the time of the assignment of the note, and could not have been resisted by the original party — the assignor. And this is all that is requisite to entitle the defendant to a set-off against the plaintiff, who, by taking the note after it was due, holds it subject to every equitable defence that might be set up against the payee.
It is not necessary that there should have been any special agreement or understanding between the defendant and the payee, that the debt due from the latter to the former should be applied in discharge of the note, in order that the right of set-off should attach to the note; nothing more is essential than that the right to the set-off should, by law, be perfect, a,s against the original party, at the time of the transfer.
The defendant cannot, of course, as against the assignee, be entitled to judgment for the excess of his cross-demand over the note sued on; all he can claim is, that his demand shall be applied, as far as may be necessary, to extinguish the note sued on; and for the residue he must look to the original party..
In this view, the Court erred in rejecting the defendant’s evidence of set-off. Judgment reversed.